# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:16-00140-01

ANTOINE GARFIELD RUSHIN
    also known as "Chico"
    also known as "Cheeks"

## MEMORANDUM OPINION AND ORDER[1]

### I. Background

Defendant Antoine Rushin appeared before the Court for a sentencing hearing on February 21, 2016. At the hearing Rushin objected to the Probation Officer's determination that an Ohio conviction for drug trafficking constituted a qualifying predicate offense on which to base a career offender determination according to the Sentencing Guidelines. At the hearing the Court overruled Rushin's objection but reserved final judgment until it could prepare a written order presenting in more detail the Court's reasoning. For the following reasons Rushin's objection is **OVERRULED** and the application of the career offender enhancement is proper.

### II. Legal Standard

In order to be found a career offender under the Sentencing Guidelines a defendant must be "at least eighteen . . . at the time the defendant committed the instant offense; the instant offense is a . . . controlled substance offense; and the defendant has at least two prior felony convictions

---

[1] During Defendant's Sentencing Hearing the Court explained that it would issue a Memorandum Opinion and Order discussing in more detail its decision to designate Defendant a career offender. An order was never entered. The Court inadvertently neglected to enter this Order at the time of its completion.

of . . . a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2016). A controlled substance offense is defined as "an offense . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute or dispense." *Id.* § 4B1.2. This is also known as the "generic offense."

In a recent decision by the Supreme Court, *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Court clarified the process a sentencing court should use to differentiate between qualifying and non-qualifying predicate offenses for the purposes of designating a defendant a career offender. Generally a sentencing court applies what is known as the "categorical approach." *Id.* at 2248. That approach requires the sentencing court to look only at the fact that the defendant was convicted of a prior offense and "whether the elements of the crime of conviction sufficiently match the elements of the generic [controlled substance offense], while ignoring the particular facts of the case." *Id.* But, if a prior conviction under a statute that by its elements alone criminalizes more conduct than that criminalized by the generic offense, then the conviction does not qualify as a predicate offense under the Sentencing Guidelines. *See id.*; *United States v. Dozier*, ___ F.3d ___, No. 15-4532, 2017 WL 395098, at *2 (4th Cir. Jan 30, 2017).

Where a statute is of a more complicated ("divisible") nature and lists elements in the alternative and thereby defines multiple crimes, the categorical approach is altered to allow a sentencing court to review certain documents that might help the court determine for which crime the defendant was convicted and thus determine if that crime is a qualifying predicate offense. *Mathis*, 136 S. Ct. at 2249 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). This approach is generally referred to as the "modified categorical approach." *Id.* "Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury

instructions, or plea agreement and colloquy) to determine what crime, with what elements a defendant was convicted." *Id.* (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). A sentencing court may not employ the modified categorical approach where rather than enumerate alternative elements to a crime, the statute "specifies diverse means of satisfying a single element of a single crime." *Id.*

Yet, where a statute is found to be "divisible" the sentencing court has no more authority to look to the "underlying brute facts or means" of the prior conviction that it would have had the statute been indivisible. *Id.* at 2251 (citing *Richardson v. United States*, 526 U.S. 813, 817 (1999)). The modified categorical approach only permits a court to determine the crime for which a defendant was convicted and what the elements of that crime are. *Id.* The Guidelines "cares not a whit" about the facts of the conviction and whether they, taken by themselves, could be a qualifying offense. *Id.* (citing *Taylor*, 495 U.S. at 599–602). The part of the divisible statute under which the defendant was convicted must, by its elements, meet the generic offense. *Id.*

### III.    Analysis

On May 3, 2011, Rushin pled guilty to a violation of Ohio Revised Code § 2925.03(A). The statute states:

> (A) No person shall knowingly do any of the following:
>
> (1) Sell or offer to sell a controlled substance . . .
>
> (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance . . . , when the offender knows or has a reasonable cause to believe that the controlled substance . . . is intended for sale or resale by the offender or another person.

Ohio Rev. Code Ann. § 2925.03(A). Ohio defines "distribute" as "to deal in, ship, transport, or deliver but does not include administering or dispensing. Ohio Rev. Code Ann. § 3719.01(F).

Rushin argues that subsection (A) of the Ohio statute criminalizes more conduct than the

generic offense and therefore cannot qualify as a predicate offense. Taking both (A)(1) and (A)(2) together, Rushin is correct. Subsection (A)(1) criminalizes the mere offer to sell without requiring possession as an element. In order to qualify as a predicate offense as defined by the generic offense, the defendant must have possession. *See* U.S. Sentencing Guidelines Manual § 4B1.2. Nonetheless, Rushin's argument is misplaced. (A)(1) and (A)(2) are divisible. They each enumerate different elements of different crimes. In (A)(1) all that needs to be proved is a knowing sale or offer to sell a controlled substance. *See* Ohio Rev. Code Ann. § 2925.03(A)(1). A conviction under (A)(1) would not satisfy the elements of (A)(2) since (A)(2) requires possession where (A)(1) does not: thus, (A)(2) requires more than a sale or offer to sell. Likewise a conviction under (A)(2) would not also meet the elements under (A)(1). (A)(2) criminalizes preparation for distribution or actual distribution of a controlled substance when the defendant knows or has a reasonable cause to believe it is intended for sale. The defendant need not sell or offer to sell anything. "Thus an offender could commit trafficking under . . . (A)(2) and not necessarily commit trafficking under (A)(1), because the offender merely *knows* that the controlled substance is intended for sale. Conversely, one could sell or offer to sell a controlled substance, without ever undertaking many of the actions that constitute trafficking under (A)(2)." *State v. Cabrales*, 886 N.E.2d 181, 189 (Ohio 2008) (emphasis in original) (finding the offenses in (A)(1) and (A)(2) could not be merged). Accordingly, (A)(1) and (A)(2) describe different crimes and are divisible.

As (A)(1) and (A)(2) of the Ohio statute are divisible, the Court now must review the indictment and plea to determine under which, (A)(1) or (A)(2), Rushin was convicted. Upon examining the charging document, it stated that Rushin "did knowingly prepare for shipment, ship, transport, deliver, prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute Marijuana . . . when Rushin knew or had reasonable cause to believe that the controlled

substance was intended for sale or resale."[2] Rushin pled guilty to this charge on May 3, 2011. From the limited review of Rushin's indictment and entry of sentence, it is clear that Rushin was convicted of a violation of (A)(2). Accordingly, the elements of (A)(2), examined without regard to the underlying facts of Rushin's particular conviction, must meet the generic offense defined in the Guidelines. The Court finds that it does.

To be convicted under (A)(2) a defendant must knowingly "prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance . . . , when the offender knows or has a reasonable cause to believe that the controlled substance . . . is intended for sale or resale by the offender or another person." Ohio Rev. Code Ann. § 2925.03 (A)(2). The generic offense classifies a qualifying controlled substance offense as one that criminalizes distribution or possession with intent to distribute or dispense. U.S. Sentencing Guidelines Manual § 4B1.2. Where a defendant knowingly ships, transports, or delivers a drug, the defendant necessarily has possession and has distributed that drug. In addition, where a defendant prepares to ship or prepares to distribute a drug, the defendant necessarily has possession and has the intent to distribute as evidenced by the preparations to ship or distribute. Moreover, the modifying clause requiring knowledge or a reasonable cause to believe that the drug is intended for sale limits the scope of the Ohio statute to defendants who have possession of a drug, knowingly prepare it for shipment or distribution, and know that it is intended for sale. The modifier ensures that any violation of the Ohio statute is attended by either an intent to sell or knowledge of the intent to sell. This construction fits harmoniously with the generic offense requirement that a defendant

---

[2] "Where a charging document closely tracks the statutory language of the relevant subsection [as the indictment does here], the fact that the subsection is not *also* identified by its number does not create any reasonable doubt about which subsection has been charged. *United States v. Robinson*, 333 Fed. App'x 33, 36 (6th Cir. 2009).

-5-

possess a drug with an intent to distribute, as selling is another form of distribution.

## IV. Conclusion

For the foregoing reasons Rushin's objection to his designation as a career offender under the Sentencing Guidelines is **OVERRULED**. Nonetheless, the Court determined for reasons stated on the record to vary downward from the career offender guideline.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: August 8, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE